Philip J. Wang (State Bar No. 218349)
Traci M. Keith (State Bar No. 235828)
**WANG & CHANG**
255 California Street, Suite 525
San Francisco, California 94111
Phone:  (415) 599-2828
Fax:      (415) 599-2829
Email: phil@wangchanglaw.com
            traci@wangchanglaw.com

Attorneys for Non-Party
*RPX Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRNETX, INC. ET AL.,<br><br>                    Plaintiffs,<br><br>       vs.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 3:14-mc-80013-RS (NC)<br><br>(Case Nos. 6:11-cv-563 & 6:12-cv-855 pending in the Eastern District of Texas)<br><br>**RPX CORPORATION'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED BY VIRNETX, INC.**<br><br>Hearing Date: February 26, 2014<br>Time: 1:00 p.m.<br>Courtroom: A (15th Floor)<br><br>Hon. Richard Seeborg (referred to Magistrate Judge Nathanael M. Cousins) |

**Table of Contents**

I. PRELIMINARY STATEMENT ..................................................................................................1

II. VIRNETX FAILED TO DEMONSTRATE THAT THE SUBPOENAS SEEK RELEVANT INFORMATION..................................................................................................................................2

    A. VirnetX's Requests are Not Relevant to the Question of Collateral Estoppel ...................2

    B. VirnetX's Requests are Not Relevant to Willful Infringement, Active Inducement, or Attorneys' Fees ..................................................................................................................3

    C. VirnetX's Subpoenas are Intended to Circumvent the Discovery Procedures Mandated by the PTAB .....................................................................................................................4

III. VIRNETX CONCEDES THAT THE SUBPOENAS ARE OVER BROAD AND UNDULY BURDENSOME..................................................................................................................................5

IV. WHAT VIRNETX CLAIMS TO "REALLY" WANT IS AVAILABLE FROM MICROSOFT AND APPLE .......................................................................................................................................8

V. VIRNETX MISCONSTRUES AND FAILS TO REBUT RPX'S ARGUMENT THAT ITS SUBPOENAS ARE SUBJECT TO A HEIGHTENED STANDARD BECAUSE THEY IMPLICATE FIRST AMENDMENT RIGHTS ..............................................................................9

VI. CONCLUSION................................................................................................................... 11

## Table of Authorities

**Cases**

*Citizens United v. FEC*, 558 U.S. 310 (2010)..................................................................................10

*Kottle v. Northwest Centers*, 146 F.3d 1056 (9th Cir. 1998).....................................................9, 10

*Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir. 2003)...........................3, 4

*Moon v. SCP Pool Corp.*, 232 FRD 633 (C.D. Cal. 2005) ..............................................................2

*Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575 (N.D. Cal. 2007).........................................8

*Perry v Schwarzenegger*, 591 F.3d 1126 (9th Cir. 2009) ........................................................9, 10

**Statutes**

35 U.S.C. § 315(e) ...................................................................................................................2, 3, 4

37 C.F.R. § 42.100 .............................................................................................................................3

Federal Rules of Civil Procedure 26(b). ..................................................................................2, 8, 9

Federal Rules of Civil Procedure 45(d)(1)......................................................................................5, 6

Federal Rules of Civil Procedure 45(d)(3).......................................................................................5, 7

I.     **PRELIMINARY STATEMENT**

Rather than demonstrating how its 168 overbroad discovery requests to Non-Party RPX are relevant and tailored to its patent infringement cases against Apple and Microsoft, VirnetX's opposition relies on rampant speculation and unsubstantiated legal arguments to blame RPX for the overbreadth of its Subpoenas. For the reasons demonstrated below, VirnetX's requests are not relevant to the district court cases, are a clear attempt to end run the PTAB discovery rules, are unjustifiably overbroad and unduly burdensome in requiring RPX to turn over every document in its possession, and chill Non-Party RPX's First Amendment rights.

**First**, VirnetX has not demonstrated that the information that it seeks is relevant to its underlying litigations against Microsoft and Apple. VirnetX's argument that the information sought is relevant to a possible collateral estoppel claim is both premature and speculative, as is any claim that it would be entitled to attorneys' fees if Microsoft or Apple were collaterally estopped. VirnetX's claims that the information sought is relevant to claims for willful infringement and active inducement are also misplaced, as these relate to the alleged *infringing* behavior of Microsoft and Apple, behavior completely unrelated to RPX's IPR Petitions before the PTAB that challenge the *validity* of VirnetX's patents.

**Second**, VirnetX has conceded before the PTAB that it would attempt to use information obtained in response to its Subpoenas before the PTAB, contradicting the assertions in its opposition. Thus, VirnetX's misrepresentations confirm that the Subpoenas were issued for the improper purpose of evading the limited discovery potentially permitted by the PTAB.

**Third**, VirnetX offers no justification for the extreme overbreadth of its requests, instead resorting to unsupported accusations that RPX has "concealed" its relationships and claims that RPX should have met and conferred despite the fact that RPX was under no obligation to do so. Indeed, VirnetX's belated assertion that it "really" wants discovery on the relationship between RPX and Apple and Microsoft is contradicted by its overbroad requests, which seek every corporate document ever possessed by RPX. Nor does VirnetX offer any reason why this information cannot be obtained from Microsoft and Apple.

**Finally**, VirnetX does not refute that the Subpoenas would chill the First Amendment

rights of RPX and its employees, thus requiring the Court to impose a higher standard of review and quash them unless it finds that the Subpoenas seek information that is both highly relevant and narrowly tailored.  VirnetX cannot meet the general relevance standard under rule 26, let alone the heightened standards that apply here.

Accordingly, the Court should grant RPX's motion to quash.

## II.     VIRNETX FAILED TO DEMONSTRATE THAT THE SUBPOENAS SEEK RELEVANT INFORMATION

In its Motion to Quash, RPX established that the Subpoenas served by VirnetX do not seek any information relevant to VirnetX's patent infringement suits against Microsoft or Apple.  *See* Motion at 5-7; *see also* Fed. R. Civ. P. 26(b).  In its opposition, VirnetX failed to demonstrate that the discovery it seeks is relevant.  Instead, VirnetX tries to disavow its clearly irrelevant requests by telling this Court what it "really" wants.  *See, e.g.*, Opp. at 11 (identifying "the fundamental question" as "the relationship between Apple, Microsoft and RPX with regard to RPX's IPR requests").  Yet, even as to what it claims to "really" want, VirnetX did not and cannot demonstrate relevance.  *See* Fed. R. Civ. P. 26(b); *see also Moon v. SCP Pool Corp.*, 232 FRD 633, 637 (C.D. Cal. 2005) (relevance of information sought should be considered on motion to quash).

### A.     VirnetX's Requests are Not Relevant to the Question of Collateral Estoppel

RPX demonstrated in its opening brief that VirnetX's requests were not relevant to VirnetX's potential collateral estoppel argument because such concern was both premature and speculative.  *See* Motion at 6-7.  In response, VirnetX claims that evidence related to collateral estoppel is timely because it is allowed to proceed on parallel tracks.  *See* Opp. at 9.  VirnetX misstates the law.  The statutory scheme provides that a party challenging the validity of a patent – not the patent holder – may choose between two separate mechanisms to do so.  The party may assert invalidity as a counterclaim in the federal litigation or may seek to institute an IPR before the PTAB.  The statutory language relied upon by VirnetX merely states that a party who chooses to challenge the patent before the PTAB (or a privy of that party) may be estopped from arguing invalidity in the federal litigation if – and only if – the IPR "results in a ***final***

*written decision*." 35 U.S.C. § 315(e)(2) (emphasis added). Moreover, allowing duplicative proceedings as VirnetX urges would contravene the purpose of the AIA and the limited discovery procedures permitted by the PTAB. *See Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680 (Aug. 12, 2012) (codified at 37 C.F.R. §§ 42.100 *et seq.*). (Congress intended AIA "to create a timely, cost-effective alternative to litigation").

As noted in RPX's Motions, the PTAB has not even decided if it will institute RPX's IPR Petitions. Moreover, even if the PTAB institutes the IPR Petitions, no collateral estoppel would apply unless and until the PTAB: (1) upholds the patent claims at issue; and (2) finds that Microsoft and/or Apple were the real parties in interest for RPX's IPR Petitions. *See* 35 U.S.C. § 315(e)(2). Thus, discovery allegedly relevant to the question of collateral estoppel in the district court litigation is both premature and speculative. *See Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813 (9th Cir. 2003) (upholding quashing of subpoena in part because no attempt had been made to tailor requests to the immediate needs of the case).

Moreover, the PTAB has now agreed to permit VirnetX to seek limited discovery regarding the control of the IPR proceedings. Simply put, even if the question of collateral estoppel becomes ripe in the future, there is no need for VirnetX to obtain separate discovery in the district court to determine whether any parties should be collaterally estopped under 35 U.S.C. § 315(e) because the PTAB will have already concluded whether RPX is the real party in interest.

### B. VirnetX's Requests are Not Relevant to Willful Infringement, Active Inducement, or Attorneys' Fees

VirnetX also contends that the requests are relevant to its claims against Microsoft and Apple of willful infringement, active inducement, and request for attorneys' fees. These contentions are without merit.

**First**, VirnetX argues that its requests are relevant to the question of whether Microsoft or Apple willfully infringed its patents. Opp. at 14-16. The only support VirnetX offers for this assertion is a claim that the district court can consider "whether the infringer attempted to

conceal its conduct." Id.  However, whether, as VirnetX speculates, Microsoft or Apple induced RPX to file an IPR challenging the *validity* of VirnetX's patents has no bearing on whether or not Microsoft or Apple attempted to conceal their alleged *infringement*.[1]  Whether or not the claims of the patents are invalid is wholly separate from what, if any, actions Microsoft or Apple allegedly took to infringe the patent.

**Second**, VirnetX argues that its requests are relevant to the question of whether Microsoft or Apple "actively induced their customers to infringe VirnetX's patents." Opp. at 15.  This is again a *non sequitur*.  Whether or not, as VirnetX speculates, Microsoft or Apple induced a customer to infringe VirnetX's patents has no bearing on whether or not Microsoft or Apple induced RPX to file the IPR Petitions.  Filing an IPR has no bearing on allegations of patent infringement; it merely contests a patent's validity.

**Third**, VirnetX argues that its requests are relevant to a possible award of attorneys' fees against Microsoft or Apple, because if Microsoft or Apple were a real party in interest for RPX's IPR Petitions, a court might find their invalidity defenses frivolous.  Opp. at 15-16.  This argument fails for the same reason as VirnetX's argument regarding estoppel; such concerns are both premature and speculative, and the PTAB will decide if RPX is the real party in interest. *See* 35 U.S.C. § 315(e).

C. **VirnetX's Subpoenas are Intended to Circumvent the Discovery Procedures Mandated by the PTAB**

As demonstrated in its moving papers, VirnetX issued the Subpoenas for the improper purpose of obtaining information for potential use in the IPR Proceedings before the PTAB. *See Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813 (9th Cir. 2003) (upholding quashing of subpoena to non-party in party because it was brought for improper purpose).  In opposition, VirnetX claims that it only intends to use the documents in the district court litigation, and in any event, the protective order would prevent it from using the documents in

---

[1] Even if there was some attenuated relation, as discussed below, information about the conduct of Microsoft and Apple should be sought from Microsoft and Apple, parties to the litigations, not from Non-Party RPX.

the IPR Proceedings. See Opp. at 10. Contrary to these statements, however, VirnetX admitted in a recent conference call with the PTAB related to RPX's IPR Petitions that if it received information in response to its Subpoenas, it would "absolutely" try to bring it to the attention of the PTAB. See Wang Decl., Exh. A (January 16, 2014 PTAB transcript at 14-15). VirnetX further stated that:

> If RPX on this call today tells us they are willing to give information in the district court we are more than happy to withdraw the request here…We are trying to figure out how do we get this information in front of Your Honor in these IPR proceedings, because again given the speed of the proceedings we may be in situation where let's say RPX is compelled to produce that discovery by the district court in the district court litigation. It may be too late. These proceedings may be well underway.

Id. at 17.

VirnetX clearly intends to use any information it receives from RPX in response to its Subpoenas before the PTAB if it can find a way, demonstrating that the relevance of this information, if any, relates to the IPR Proceedings and not the district court litigation. VirnetX should not be allowed to circumvent the more limited discovery procedures implemented by the PTAB.

Moreover, as noted above, the PTAB is permitting VirnetX to seek discovery in the PTAB related to the question of who controls the RPX IPR Petitions. Thus, these issues will be decided by the PTAB, and there is no need to proceed on parallel discovery tracks. Simply put, none of the overbroad discovery requests are relevant to the district court case.

### III. VIRNETX CONCEDES THAT THE SUBPOENAS ARE OVER BROAD AND UNDULY BURDENSOME

A court must quash a subpoena that "subject[s] a person to undue burden" or that "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). Moreover, an attorney issuing a subpoena "must take reasonable steps to avoid imposing undue burden and expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

In its Motions, RPX demonstrated that VirnetX's Subpoenas would essentially require RPX to produce every document it possesses. For example, VirnetX has demanded:

- Documents that describe, identify, refer to, or relate to the Company's officers, directors, employees, agents, representatives, and consultants. (Request No. 6).

- Documents that describe, identify, refer to, or relate to the Company's business or industry. (Request No. 9).
- Documents that describe, identify, refer to, or relate to the Company's members or clients. (Request No. 82)

RPX also demonstrated that VirnetX's Subpoenas were burdensome and intrusive in demanding the personal financial information of every current and former RPX employee, including:

- All bank statements over the past three (3) years for each personal and business bank account of each of the Company's past and present directors, officers, employees, agents, organizers, attorneys, agents, representatives, and consultants. (Request No. 41).
- For each of the Company's past and present directors, officers, employees, agents, organizers, attorneys, agents, representatives, and consultants, documents that describe, identify, refer to, or relate to all current positions in any and every publicly traded company. (Request No. 46).

Faced with such overbroad and burdensome requests, RPX explained that responding to VirnetX's Subpoenas would require weeks if not months, would be highly disruptive to RPX's business, would be extremely costly, and would require RPX to produce broad swaths of protected material. *See* Motion at 7-9.

In response to these serious concerns, VirnetX blithely claims that RPX has identified "no burden that would result." *See* Opp. at 17. Instead of trying to demonstrate that its Subpoenas would not subject RPX to undue burden or require the production of protected information, VirnetX blames the overbreadth of its requests on RPX for refusing to meet and confer and for "concealing" its relationships with VirnetX. VirnetX's claims are without merit.

**First**, VirnetX argues that because what it "really" wants is much narrower than the requests in its Subpoenas and because they have offered to "meet and confer" with RPX in unspecified ways, this Court should overlook VirnetX's blatant abuse of the discovery procedures provided by the Federal Rules of Civil Procedure. *See, e.g.*, Opp. at 17-18. As an initial matter, VirnetX's statements regarding what it "really" wants are belied by the extreme overbreadth of its requests. VirnetX is also wrong on the law. There is no requirement under Rule 45 that an entity served with a subpoena must meet and confer with the issuer before bringing a motion to quash (and VirnetX does not argue otherwise). *See* Fed. R. Civ. P. 45.

Moreover, it is the subpoenaing party's duty in the first instance to tailor its requests to avoid undue burden. *See* Fed. R. Civ. P. 45(d)(1) (attorney serving subpoena "must take reasonable steps to avoid imposing undo burden or expense"). It is not up to the producing party to divine what the subpoenaing party "really" wants, and vague offers to meet and confer cannot mitigate the deficiencies and impropriety of the Subpoenas.

**Second**, VirnetX attempts to justify its abusively-drawn Subpoenas by alleging that RPX and Defendants are "concealing their relationship from VirnetX" which has "severely handicapped [VirnetX] in tailoring its subpoena requests." Opp. at 11. VirnetX offers no evidence of such behavior on the part of RPX.[2] Nor would such behavior relieve VirnetX of its obligation to avoid imposing an undue burden on RPX.

**Third**, VirnetX does not refute RPX's contention that its Subpoenas would require production of attorney-client privileged information and confidential commercial information. *See generally* Opp. A subpoena that requires production of privileged information must be quashed; one that requires production of confidential information may be quashed.[3] Fed R. Civ. P. 45(d)(3)(A)(iii), 45(d)(3)(B)(i). To take just one example, VirnetX has demanded:

- Documents that describe, identify, refer to, or relate to any type of input, advice, direction, instruction, or counsel provided to the Company or its attorneys regarding the decision to file or the filing of any of the petitions for inter partes review listed above. (Document Request No. 62)

This request would clearly encompass significant numbers of attorney-client privileged documents. However, instead of addressing the fact that its Subpoenas specifically asks for privileged information, VirnetX cites several out-of-circuit cases to argue that it cannot evaluate RPX's privilege "claims" because RPX has not provided a privilege log. *See* Opp. at 18-19. VirnetX's argument wholly misses the point. RPX has not withheld any documents on the

---

[2] VirnetX's Opposition is rife with vague and strained allegations that RPX has conspired with Apple and Microsoft to hide an alleged relationship. *See, e.g.*, Opp. at 9 (insinuating wrongful behavior based on the fact that Apple and RPX separately hired the same law firm to help with their IPR petitions). These allegations are irrelevant to RPX's legal demonstration that the Subpoenas should be quashed.

[3] VirnetX tries to justify its Subpoenas by arguing that specific documents would not fall under a protected category. The fact that not every document is protected does not alter the rule that a subpoena that requires production of documents in these categories may be quashed.

claim that they are attorney-client privileged.  RPX is not obligated to respond to the Subpoenas at this point, and therefore there is no requirement that it provide a privilege log.  Instead, RPX has shown that VirnetX's Subpoenas should be quashed under Rule 45 because, *inter alia*, on their face they demand production of protected information, including that protected by the attorney-client privilege.

IV. **WHAT VIRNETX CLAIMS TO "REALLY" WANT IS AVAILABLE FROM MICROSOFT AND APPLE**

As discussed above, despite the extreme overbreadth of the Subpoenas, VirnetX repeatedly claims in its opposition that what it "really" wants is information about "the nature of the relationship between Apple, Microsoft and RPX with regard to RPX's IPR requests."  *See, e.g.,* Opp. at 11.  If this is indeed the case, the information VirnetX seeks is by definition available from Microsoft or Apple, parties to VirnetX's district court lawsuits.  A court ***must*** limit discovery if the information sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  Thus, it is proper to quash a subpoena to a non-party that seeks information that may be obtained from a party.  *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena and holding that "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant").  Because what VirnetX claims to "really" want – information about any relationship between RPX and Microsoft and Apple – is available from Microsoft and Apple, its Subpoenas to Non-Party RPX should be quashed.

VirnetX's only attempt to justify its incredible intrusion into Non-Party RPX's affairs is to offer unsupported accusations that RPX is "engaged in a concerted effort to conceal its relationship with Defendants" and has engaged unnamed "intermediate entities" to do so.  *See* Opp. at 19.  VirnetX offers no citation and no evidence for these vague conspiracy claims.  Notably, VirnetX is silent on the question of whether or not it has sought discovery from Microsoft and Apple regarding their relationships, if any, with RPX.  Nor has VirnetX offered this Court any reason why it cannot obtain this information from those parties.  *See generally*

Opp. Thus, VirnetX's presents no evidence that the documents it seeks are not available from Microsoft and Apple.

## V. VIRNETX MISCONSTRUES AND FAILS TO REBUT RPX'S ARGUMENT THAT ITS SUBPOENAS ARE SUBJECT TO A HEIGHTENED STANDARD BECAUSE THEY IMPLICATE FIRST AMENDMENT RIGHTS

In its Motions, RPX explained that the Court must apply a heightened standard when reviewing VirnetX's Subpoenas because they would chill the First Amendment right of freedom of association and the right to petition the government. *See* Motion at 12-14. In particular, VirnetX's Subpoenas must be both **highly relevant** and **narrowly tailored**. *See Perry v Schwarzenegger*, 591 F.3d 1126, 1140 (9th Cir. 2009). VirnetX makes no attempt to argue that its requests meet this standard. Instead, it offers several irrelevant and misleading arguments.

**First**, VirnetX misconstrues RPX's argument as claiming a First Amendment "privilege", and that because RPX is withholding information based on a "privilege," it must provide a privilege log under Fed. R. Civ. P. 26(b). *See* Opp. at 21-23. This makes no sense. RPX is not withholding documents on the basis of a First Amendment privilege but instead demonstrated that VirnetX's Subpoenas must be held to a heightened standard because they would chill the First Amendment rights of RPX and its employees.

**Second**, VirnetX again attempts to mislead this Court by characterizing the information it seeks as nothing more than "evidence related to RPX's relationship with Defendants and any intermediate entities that RPX has relied on to conceal its relationship with Defendants." *See* Opp. at p. 22. However, this is belied by VirnetX's Subpoenas, which are so broad that they do in fact seek the so-called "unrelated political affiliations of RPX and its employees" that VirnetX claims not to "really" want:

- Documents that describe, identify, refer to, or relate to any associations, organizations, foundations, partnerships, groups, or corporate entities to which the Company or any of the Company's past and present directors, officers, employees, agents, organizers, attorneys, agents, representatives, or consultants belongs. (Document Request No. 65).

VirnetX made absolutely no attempt to tailor its requests to information that could aid it in determining "RPX's relationship with Defendants", and this request (among many others)

would clearly require production of documents implicating the political associations of RPX and its employees, disclosure of which would chill their First Amendment rights.

**Third**, VirnetX argues that any corporate relationship between RPX and either Apple or Microsoft is not protected by a First Amendment privilege. *See* Opp. at 22. But RPX made no such argument. RPX's First Amendment argument is based on the association rights of its employees and its right to petition the government.

**Fourth**, VirnetX argues that RPX's reliance on *Kottle v. Northwest Centers* is "misplaced" because that case dealt specifically with the *Noerr-Penington* doctrine. *See* Opp. at 22-23. VirnetX is wrong. RPX relied on *Kottle* not for the proposition that seeking an IPR rendered it immune from wrongdoing but for the broader proposition that "the right to petition the government extends to all departments of the government" including administrative agencies such as the PTO. *See Kottle v. Northwest Centers*, 146 F.3d 1056, 1059 (9th Cir. 1998). Moreover, VirnetX failed to rebut RPX's showing that it has the right to petition the government, that an IPR Petition is an exercise of that right, or that VirnetX's Subpoenas would chill that right by subjecting an entity to the possibility of having to turn over every document in its possession simply because it chose to exercise its First Amendment rights to challenge the validity of a patent. *See* Motion at 13-14.

**Finally**, VirnetX argues that *Citizens United* does not stand for the proposition that corporations enjoy the freedom of association. However, while *Citizens United* specifically involved the freedom of speech, the Court clearly held that "First Amendment protection extends to corporations." *Citizens United v. FEC*, 558 U.S. 310, 342 (2010). Moreover, VirnetX offers no rebuttal to RPX's demonstration of how its Subpoenas would intrude in the First Amendment rights of its employees.

VirnetX has failed to rebut the fact that a heightened standard applies to this Court's review of its Subpoenas. As explained above, VirnetX's Subpoenas fail to meet even the basic standards of relevance and tailoring, let alone comply with the heightened standards applicable here that they be both highly relevant and narrowly tailored. *See Perry*, 591 F.3d at 1140.

## VI. CONCLUSION

For the foregoing reasons, Non-Party RPX Corporation respectfully requests that the Court quash the Subpoena issued by VirnetX in its entirety.

DATED: February 11, 2014

Respectfully submitted,

WANG & CHANG

/s/
Philip J. Wang

Attorneys for Non-Party *RPX Corporation*