

Jason Cassady
2101 Cedar Springs Rd., Suite 1000
Dallas, Texas 75201
Phone: 214.888.4841
Email: jcassady@caldwellcc.com

February 25, 2014

*VIA ECF*
Magistrate Judge Nathanael Cousins
United States District Court for the Northern District of California
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: VirnetX, Inc. et al. v. Apple Inc.; VirnetX, Inc. et al. v. Microsoft Corp. – RPX's Motion to Quash[1]

Dear Judge Cousins:

Pursuant to the Court's October 2, 2013 Civil Standing Order, VirnetX hereby provides its statement regarding RPX's motion to quash. The present motion is set for hearing on February 26, 2014.

### Nature and Status of the Dispute

VirnetX served the subpoenas underlying the present motion on December 23, 2013. RPX served objections to the subpoenas on January 9, 2014, and it filed the present motion to quash on January 21, 2014. Because RPX had never attempted to meet and confer regarding the subpoenas or its motion, VirnetX requested to meet and confer on multiple occasions. RPX ignored those requests until one week before the scheduled hearing, after VirnetX explained that the parties were required to meet and confer under the Court's rules. The parties met and conferred two days later.

During the February 21, 2014 meet and confer, both sides proposed various discovery parameters and ultimately agreed to consider the discovery plan outlined below. This plan represents a significant narrowing of VirnetX's subpoena requests, but VirnetX agreed to the plan in order to minimize the burden on RPX and eliminate the need for Court intervention.

On February 24, 2014, RPX rejected the plan in its entirety. RPX explained that it was unwilling to engage in any further discussions, and that it would seek to quash the subpoenas in their entirety. VirnetX remains willing to accept the plan outlined on February 21 in lieu of full compliance with its subpoenas.

### Remaining Unresolved Issues

There is one unresolved issue presently before the Court: whether VirnetX's subpoenas should be quashed in their entirety, or whether RPX should be required to produce the requested discovery.

---

[1] An identical copy of this letter has been filed in both cases.

February 25, 2014
Page | 2

### The Parties's Positions and Proposed Compromises

**VirnetX's Position:** VirnetX proposes that the Court order RPX to provide the following discovery as outlined by the parties on February 21, 2014:

- All documents produced by RPX in the IPRs
- All communications between RPX and Apple or Microsoft
- All agreements between RPX and Apple or Microsoft
- RPX's retention agreement(s) with Sidley Austin and Howison & Arnott
- Evidence of RPX's funding for the IPRs
- Internal RPX communications concerning patent invalidity strategies, including but not limited to IPRs related to Apple, Microsoft, and/or VirnetX
- Communications between: (1) Sidley Austin and RPX; (2) Howison & Arnott and RPX; and (3) Sidley Austin and Howison & Arnott
- Privilege log for withheld documents from the topics above
- A deposition of a corporate representative covering the same topics

VirnetX is also willing to limit the time frame for discovery of RPX's internal and external communications from March 2011 to the present.

Each of these requests is directed towards a narrow set of information that is directly related to VirnetX's claims in the district court litigation. VirnetX specifically designed these requests to eliminate the overbreadth, privilege, and First Amendment concerns raised in RPX's briefing.

**RPX's Position:** RPX proposes that the Court preclude VirnetX from obtaining any discovery from RPX.

RPX's position is unreasonable. After VirnetX filed its response to RPX's motion, the Patent Office determined that RPX was in possession of documents relevant to whether RPX is actually the real party in interest in the IPRs. It thus ordered RPX to produce certain documents in the IPRs despite the statutory presumption of no discovery into this issue during an IPR—a very different standard than that imposed under the Federal Rules of Civil Procedure. Those documents will likely be produced under seal to VirnetX's IPR counsel. At a minimum, those exact same documents should be produced to VirnetX's trial counsel in the district court litigation. Those documents are undeniably relevant to VirnetX's collateral estoppel and willfulness allegation, and RPX can produce them without suffering any burden. Thus, RPX's position that the subpoenas must be quashed in their entirety is unsustainable.

RPX has made the tactical decision to seek an all or nothing ruling from the Court. Because it cannot support this extreme position, VirnetX respectfully requests that the Court order RPX to provide the discovery proposed by VirnetX. Any other result would reward RPX's efforts to delay meeting and conferring until the last possible moment and its categorical refusal to work towards a mutually acceptable compromise.

Regards,

Jason Cassady